UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DALE MILLER** | **CIVIL ACTION NO. 6:15-cv-1843** |
| LA. DOC #479248 | |
| VS. | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

Before the Court are a series of *pro se* pleadings filed by Dale Miller. Miller is an inmate in the custody of Louisiana's Department of Corrections. His pleadings have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that his various motions be **DENIED and DISMISSED.**

*Statement of the Case*

Miller was convicted of second degree murder and sentenced to life without benefit of parole. His conviction and sentence were affirmed on appeal. *State of Louisiana v. Dale Robin Miller*, 2004-00858 (La. App. 3 Cir. 12/8/2004), 888 So.2d 1166 (Table). His collateral attacks on that conviction whether by applications for post-conviction relief or petitions for writ of

*habeas corpus* have been unsuccessful at the State[1] and federal levels.[2]

Further, his attempts to attack his conviction and sentence by way of civil actions which seek to have those involved in his prosecution in State court charged criminally, have also been unsuccessful; and, since Miller filed other frivolous prisoner suits while awaiting extradition and trial he has now accumulated three strikes as defined by 28 U.S.C. §1915(g) and he is barred from proceeding *in forma pauperis* in any future civil actions filed while he is a prisoner absent a claim that he is in imminent danger of serious physical injury.[3]

On August 28, 2014 Miller filed a petition for writ of habeas corpus pursuant to Section 2254. Among other things, he challenged the constitutionality of the AEDPA and any other statute that prohibits the Federal court from ruling on his claims. He argued that the AEDPA violates the First and Fourteenth Amendments and its application denied him his right of access to the courts; he also complained that he was being denied his Constitutionally guaranteed right

---

[1] *See State ex rel. Miller v. State*, 2007-1509 (La. 3/9/2007), 949 So.2d 437; *State v. Miller*, 11-1468 (La. App. 10/10/2012), 101 So.3d 148 (Table); *State ex rel. Miller v. State*, 2012-2351 (La. 3/15/2013), 109 So.3d 379; *State ex rel. Miller v. State*, 2013-0512 (La. 7/31/2013), 118 So.3d 1122, reconsideration denied; *State ex rel. Miller v. State*, 2013-0329 (La. 8/30/2013), 120 So.3d 262, reconsideration denied; *State ex rel. Miller v. State*, 2013-2230 (La. 4/25/2014), 138 So.3d 634 reconsideration denied, 141 So.3d 276.

[2] *See also Dale Miller v. Warden*, Civil Action No. 6:07-cv-0798 (habeas corpus pursuant to 28 U.S.C. §2254 dismissed with prejudice on the merits, 8/27/2008; COA denied by the Fifth Circuit Court of Appeals, *Miller v. Cain, Warden*, No. 08-30875, 7/29/2009); *Dale Miller v. Warden*, Civil Action No. 6:14-cv-1793 (habeas corpus pursuant to 28 U.S.C. §2254 deemed successive and dismissed with prejudice for lack of jurisdiction since petitioner failed to obtain authorization from the Fifth Circuit prior to filing suit, 8/22/2014); *Dale Robin Miller v. Warden*, Civil Action No. 6:14-2613 (habeas corpus pursuant to 28 U.S.C. §2254 deemed successive and dismissed with prejudice for lack of jurisdiction since petitioner failed to obtain authorization from the Fifth Circuit prior to filing suit, 1/14/2015)

[3] *See Dale Miller v. Michael Harson, et al.*, Civil Action No. 6:14-cv-2306 at Docs. 7 (7/28/2014) and 9(2/6/2015).

to press criminal charges against various State court officials.  On October 29, 2014 the undersigned recommended dismissal of Miller's habeas corpus claims insofar as they were successive and Miller had not received authority to file his petition from the Fifth Circuit; his non-habeas claim, namely his claim concerning the Constitutionality of the AEDPA as applied to prevent him from filing criminal charges against the State officials responsible for his prosecution and conviction, was construed as a civil rights claim which could not be raised in a habeas action. Miller was advised to re-file this claim in a civil rights complaint and he was warned that having accumulated 3 strikes, he would be required to pay the filing fee at the time of filing.  Miller objected and then filed an appeal to the Fifth Circuit. On January 14, 2015 the District Judge adopted the Report and Recommendation and ordered dismissal of Miller's petition with prejudice. *Dale Robin Miller v. Burl Cain, Warden*, Civil Action No. 6:14-cv-2613 at Docs. 1 (petition and exhibits), 7 (Report and Recommendation), 10 and 13 (Notice of Appeal), 16 (judgment).

On April 22, 2015 Miller's appeal was dismissed by the Fifth Circuit for lack of jurisdiction because he filed it before the District Court's judgment became final. [*Miller v. Warden*, Docket No. 15-30019] On July 10, 2015 Miller filed a pro se Motion to Access this Court in the United States Fifth Circuit Court of Appeals. That pleading raised claims identical to the pending claims in this court and concluded with the prayer that the AEDPA and other statutes denying petitioner access to courts be deemed unconstitutional.  The Clerk of the Fifth Circuit advised Miller that no action would be taken on the pleading in light of the April 22, 2015 order dismissing the appeal for lack of jurisdiction. On July 22, 2015 Miller objected and on July 24, 2015 his objection was construed as a motion to reconsider and denied. [*Id.*]

Miller commenced this latest round of post-conviction litigation on June 8, 2015 with the filing of a one-page, untitled, hand-written pleading purporting to challenge the Constitutionality of the "... AEDPA and any and all other statutes (laws) or rules that would deny me and has denied me the constitutional right to access the courts under the 1st and 14th amends...." [Doc. 1] In addition, Miller filed a seven-page, untitled, hand-written pleading whereby he moved the Court to access the courts and have his claims ruled on in a habeas proceeding. According to Miller, it is "useless and futile to file a habeas corpus petition because the court imposes bars to keep from hearing my claims; my claims have merit that do entitle me to relief; the court knows if my claims are ruled on that have requested that state officials be prosecuted." Petitioner professes his innocence and prays for a ruling that "... AEDPA and any and all statutes, or rules that deny a person the right to access the courts ... be ruled unconstitutional." [Doc. 2]

Since Miller alleged that he was being denied access to the Courts, his pleadings were construed as deficient complaints filed pursuant to 42 U.S.C. §1983 and on June 19, 2015 he was instructed to either pay the full filing fee or submit and application to proceed *in forma pauperis*; he was also directed to utilize the form provided to prisoners in this district seeking to vindicate their rights pursuant to Section 1983. [Doc. 4]

On June 30, 2015 Miller objected to the memorandum order claiming that it is "useless and futile to file a 42 U.S.C. §1983 form because the court has denied to hear my 1983 forms by saying I must pay $350.00 or my petition will be dismissed." Miller then demanded a ruling on his "motion to access the courts." [Doc. 6] On the same day he filed a pleading seeking a ruling on his motion to access the courts and requesting a ruling on his claim that the AEDPA is unconstitutional. He concluded by pleading, "Wherefore, I ask this court to uphold the United

States Constitution and to rule that filing a 42 U.S.C. §1983 form and any other statutes (laws) or rules that deny me the right to access the courts under my 1st and 14th amend. rights and have my case heard and ruled on is unconstitutional." [Doc. 7]

### *Law and Analysis*

Rule 3 of the Federal Rules of Civil Procedure provides, "A civil action is commenced by filing a complaint with the court." Miller's pleadings must therefore be construed as a complaint. Local Rule 3.2 of this District provides, "Every complaint filed by a prisoner, who is pro se ... complaining of violation of their constitutional rights by a state or federal official shall be typed or legibly written on forms supplied by the court and signed by the prisoner." Miller has been directed to amend his otherwise deficient complaint to conform with Rule 3.2, however, he refuses to do so.  Further, Miller was directed to either pay the filing fee or submit a properly executed application to proceed *in forma pauperis*. As shown above, Miller is not permitted to proceed *in forma pauperis* having accumulated 3 strikes pursuant to 28 U.S.C. §1915(g). Nevertheless he has neither submitted the application nor paid the full filing fee as is required of him.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims on motion of the defendant  "If  the plaintiff fails to prosecute or to comply with these rules or a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Miller has refused to comply with the Federal Rules of Civil Procedure, the Local Rules of the Western District, and the Court's order of June 19, 2015. [Doc. 4]

Further, even if Miller relented and amended his complaint to conform with the Federal Rules and with this Court's Local Rule, and, even if he paid the full filing fee as he would be required to do, his claim is manifestly without merit and subject to dismissal as frivolous. Here, Miller claims that he has been denied his constitutionally guaranteed right of access to the courts. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Here, Miller's claims are clearly refuted by the record and his prior litigation history. As shown above, Miller has a long history of filing claims challenging his conviction and sentence. That he continues to file frivolous or meritless claims does not implicate his right of access to the Court. Furthermore, in order for him to state a claim that he was denied his constitutional right of access to the courts, even if he can show some interference,

he must also "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.

In other words, Miller's claims are manifestly without merit and subject to dismissal as frivolous.  Therefore,  **IT IS RECOMMENDED** that Miller's various motions be **DENIED and DISMISSED** pursuant to FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana August 6, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE:   8/6/2015
BY:     EFA
TO:     RTH

pj